B104 (FORM 104) (08/07)             EDVA

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>James Y. Sohn | DEFENDANTS<br>Grand Centreville, LLC and Yeon K. Han |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Bean Kinney & Korman PC<br>2300 Wilson Blvd, 7th Floor, Arlington, VA<br>703-525-4000 | **ATTORNEYS** (If Known)<br>Tavenner & Beran, 20 N 8th Street, Richmond, VA, 804-783-8300 / Timothy J. McGary, 10500 Sager Ave, Ste 5, Fairfax, VA, 703-352-4985 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Judgment as to validity of Note and Deed of Trust

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Grand Centreville LLC | BANKRUPTCY CASE NO.<br>13-13590-RGM | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Virginia | DIVISION OFFICE<br>Alexandria | NAME OF JUDGE<br>Mayer | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Andrew C. Dorr* | | | |
| DATE<br>7/1/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Andrea Campbell Davison, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.

James R. Schroll (VSB No. 19646)
Andrea Campbell Davison (VSB No. 78036)
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, Virginia 22201
(703) 525-4000

*Counsel for James Y. Sohn*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| In re: <br><br> GRAND CENTREVILLE, LLC <br><br>     Debtor. | Case No. 13-13590-RGM <br><br> Chapter 11 |
| JAMES Y. SOHN, <br><br>     Plaintiff <br><br> v. <br><br> GRAND CENTREVILLE, LLC <br><br>     Debtor/Nominal Defendant <br><br> and <br><br> YEON K. HAN, <br><br>     Defendant. | Adv. Proc. No. |

### COMPLAINT FOR DECLARATORY JUDGMENT AS TO VALIDITY OF LIEN

James Y. Sohn ("Sohn") files this complaint seeking a declaration as to the validity of a lien imposed on the property of Grand Centreville LLC ("Grand Centreville" or "Debtor") by a deed of trust securing certain debt owed to Sohn and Yeon K. Han ("Han") and alleges as follows:

00487091-1

## THE PARTIES

1. Grand Centreville is the owner of a 171,631 square foot shopping center located in Centreville, Virginia, which is its sole asset.

2. Sohn is an individual residing in Potomac, Maryland who owns a 51% interest in Grand Centreville.

3. Han is an individual residing in McLean, Virginia who owns a 9% interest in Grand Centreville.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this matter under 28 U.S.C. §§157 and 1334.

5. This is an action pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure for a determination of the validity of the lien imposed by the Note and Deed of Trust on the Debtor's Property.

6. Venue of this chapter 11 case and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTS

A. <u>The Note and Deed of Trust</u>

7. On March 16, 2009, Sohn and Han entered into a transaction with Min Sik Kang and Man Sun Kang (together, the "Kangs") and various Kang-owned entities in which Sohn and Han acquired their interest in Grand Centreville in exchange for certain consideration paid to the Kangs.

8. The Stock Purchase and Sale Agreement (the "Sale Agreement") nominally transferred a 45% interest in Grand Centreville to Sohn and a 4% interest to Han. However, the

Sale Agreement also provided that Sohn was to receive 51% of any distributions from operations or a sale of Grand Centreville's property and that Han was to receive 9%, thus giving Sohn a de facto majority interest in the Grand Centreville. *See* Sale Agreement, attached as <u>Exhibit A</u>.

9. As insurance that any distributions from Grand Centreville would be made in accordance with the Sale Agreement, the parties to the transaction agreed that Grand Centreville would execute that certain promissory note dated March 16, 2009 in the amount of $3,850,000.00 payable to Sohn and Han (the "Note"). Sohn and Han have each testified in the Adversary Proceeding (defined below) that there was no consideration paid to Grand Centreville in exchange for the Note.

10. The Note was secured by a Deed of Trust, dated Mary 16, 2009, from Grand Centreville as Grantor for the benefit of Sohn and Han, and recorded in the land records of Fairfax County. *See* Note and Deed of Trust, attached as <u>Exhibit B and C</u>.

11. The Note matured on March 16, 2014. Sohn has not sought to collect amounts due under the Note, or to otherwise enforce any rights under law or equity as to the Note. Likewise, Han has not sought to enforce any rights under the Note.

12. Grand Centreville is also indebted to Wells Fargo Bank, N.A. as trustee for the registered holders of JP Morgan Chase Commercial Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-CIBC13 (the "Secured Lender") in the approximate amount of $28,982,537.47, consisting of $24,454,924.53 in principal and the remainder comprised primarily of claimed retroactive default interest and penalties (the "Loan"). *See* Claims Reg. No. 5-1. The Loan is secured by a deed of trust against Grand Centreville's property and an Assignment of Leases and Rents. The Loan is personally guaranteed by the Kangs.

B. The Adversary Proceeding

13. On October 12, 2012, the Official Committee of Unsecured Creditors for the Kangs' estate (the "Committee") commenced an adversary proceeding in which it challenged, among other things, the foregoing transfers of interests to Sohn and Han (together, the "Defendants") in Grand Centreville and Grand Formation as fraudulent conveyances. *See* Adv. Proc. No. 12-01496 (the "Adversary Proceeding"). The Committee, together with Raymond A. Yancey, Chapter 11 Trustee for the Kangs' estate (the "Trustee"), as plaintiffs, have filed two amended complaints in the Adversary Proceeding.

14. On June 11, 2014, the Trustee and Sohn executed a Term Sheet that detailed a settlement, in principal, of the Adversary Proceeding (the "Settlement"). The Settlement contains the following key terms, among others: Sohn must refinance the Loan, pay a certain sum to the Trustee in exchange for the Kangs' 40% interest in Grand Centreville, and cause the Deed of Trust to be released.

15. Sohn contends that the Deed of Trust does not secure a valid obligation of Grand Centreville under the Note and accordingly, that the Deed of Trust must be declared invalid as a lien upon the property of Grand Centreville. Han, however, has not agreed to participate in the Settlement and Han's position regarding the release of the Note and Deed of Trust is not known Without Han's cooperation, Sohn is unable to unilaterally release the Deed of Trust.

16. Upon information and belief, Grand Centreville consents to the declaration requested herein. The Kangs' estate, the Grand Centreville estate and the Secured Lender will all benefit from the consummation of the Settlement, which can only be achieved if the Deed of Trust is released or declared invalid.

17. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity of the lien imposed by the Deed of Trust.

## COUNT I

(for a determination of the validity of a lien against property)

18. The Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

19. The lien evidenced by the Deed of Trust is invalid, as it secures a Note for which Grand Centreville received no good or valuable consideration.

20. Sohn is the beneficiary of the Deed of Trust, and wishes that the lien evidenced by the Deed of Trust be released and/or declared invalid.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment: (a) declaring that the Note does not constitute a valid obligation of Grand Centreville; (b) declaring invalid the Deed of Trust as a lien on the property of Grand Centreville; and (c) awarding other and further relief as this Court deems just and appropriate.

Dated: July 1, 2014

/s/ *Andrea Campbell Davison*
James R. Schroll (VSB No. 19646)
Andrea Campbell Davison (VSB No. 78036)
BEAN, KINNEY & KORMAN, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, Virginia 22201
(703) 525-4000
(703) 525-2207 (Fax)
jschroll@beankinney.com
adavison@beankinney.com

*Counsel for James Y. Sohn*